IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL GARCIA,**

    **Plaintiff,**

v.                                                                                                  **No. 16-cv-1020 SMV**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of the Social Security,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 19] and her Memorandum Brief in Support [Doc. 20], filed on August 16, 2017. The Commissioner responded on October 18, 2017. [Doc. 27]. Plaintiff replied on November 21, 2017. [Doc. 28]. The parties have consented to my entering final judgment in this case. [Doc. 25]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet her burden as the movant before this Court to show that the Administrative Law Judge ("ALJ") did not apply the correct legal standards, or that his decision was not supported by substantial evidence. Accordingly, the Motion will be denied and the Commissioner's final decision affirmed.

## Standard of Review

In reviewing a decision by the Commissioner's to terminate benefits, courts must decide whether substantial evidence supports the decision.[2] *Hayden v. Barnhart*, 374 F.3d 986, 988

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

In addition, when terminating benefits, the Commissioner's "failure to apply correct legal standards, or to show us that she has done so, are also grounds for reversal." *Hayden*, 374 F.3d at 988. Thus, reviewing courts must be satisfied that the Commissioner applied the correct legal standards in deciding to terminate benefits. *Id.*

### Applicable Law and Sequential Evaluation Process

This case involves the termination of benefits. Plaintiff was found to be disabled in 2010. However, in 2012, Defendant determined that Plaintiff was no longer disabled and terminated her benefits.

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

A seven-step sequential evaluation process is used in reviewing a termination of supplemental security income ("SSI") benefits.[3] If the Commissioner meets her burden of establishing that the claimant's medical condition has improved, and that the improvement is related to the claimant's ability to work, the Commissioner must then demonstrate that the claimant is currently able to engage in substantial gainful activity. *Hayden*, 374 F.3d at 988. The burden of proof is on the Commissioner in a termination-of-benefits review. *Id.* at 991; *Glenn v. Shalala*, 21 F.3d 983, 987 (10th Cir. 1994). The Honorable Sam A. Crow, Senior United States District Judge for the District of Kansas, summarizes the seven-step sequential evaluation process as follows:

> **(1)** Does the claimant have an impairment or combination of impairments which meets or equals the severity of a listed impairment? (If yes, the claimant is still disabled.) **(2)** If not, has there been medical improvement? If there has been medical improvement, as shown by a decrease in medical severity, see step 3. If there has been no decrease in medical severity, there has been no medical improvement (see step 4). **(3)** If there has been medical improvement, the agency must determine whether it is related to the claimant's ability to work (whether there has been an increase in the residual functional capacity (RFC) based on the impairment that was present at the time of the most favorable medical determination). If medical improvement is not related to the claimant's ability to work, see step 4. If medical improvement is related to claimant's ability to work, see step 5. **(4)** If no medical improvement was found at step 2, or that the medical improvement was found at step 3 not to be related to claimant's ability to work, the agency considers a number of exceptions; if none of them applies, claimant's disability will be found to continue.

---

[3] Although the instant case involves only a claim for SSI, many of the relevant precedents involve claims for social security disability insurance benefits ("DIB"). The medical improvement standard for SSI is virtually identical to that for DIB, *compare* 42 U.S.C. § 1382c(a)(4), *with id.* § 423(f), as are the regulations defining the standard, *compare* 20 C.F.R. § 416.994(b)(1)(i), *with id.* § 404.1594(b)(1). Likewise, the steps to be followed in determining whether a claimant's disability continues (or has ceased) are nearly identical. *Compare id.* § 416.994(b)(5), *with id.* § 404.1594(f); *see* Social Security Program Operations Manual System DI § 28010.015(A)(1)(a) (observing that the "wording concerning MI [medical improvement]" in §§ 404.1594 and 416.994 is "slightly different, but the substance and intent is the same").

> **(5)** The agency will next determine whether all of the claimant's current impairments in combination are severe. If claimant has no severe impairments, claimant will no longer be considered disabled.
> **(6)** If claimant's impairments are severe, the agency will assess the claimant's current ability to do substantial gainful activity. The agency will assess the claimant's RFC and consider whether the claimant can perform past work. If claimant can perform past work, claimant will no longer be considered disabled.
> **(7)** If claimant cannot perform past work, the agency will consider, given claimant's RFC, whether claimant can perform other work in the national economy.

*Adams v. Colvin*, No. 15-1074-SAC, 2016 U.S. Dist. LEXIS 79508, *5–6 (D. Kan. June 17, 2016) (unpublished) (emphases added) (citing 20 C.F.R. § 416.994(b)(5)).

To apply the medical improvement test, the ALJ must first compare the medical severity of the current impairment(s) to the severity of the impairment(s) which existed at the time of the most favorable medical decision finding the claimant disabled. Then, in order to determine whether the medical improvement is related to ability to work, the ALJ must reassess a claimant's residual functional capacity ("RFC") based on the current severity of the impairment(s) which was present at the claimant's last favorable medical decision. The ALJ must then compare the new RFC with the RFC before the putative medical improvements. The ALJ may find medical improvement related to an ability to work only if an increase in the current RFC is based on objective medical evidence. *Shepherd v. Apfel*, 184 F.3d 1196, 1201 (10th Cir. 1999).

**Procedural Background**

In a decision dated September 12, 2010, Plaintiff was found to be disabled as of June 1, 1995, and she was awarded SSI benefits. Tr. 27. As of July 20, 2012, the agency determined that Plaintiff was no longer disabled. *Id.* Plaintiff appealed, and ALJ Barry O'Melinn held a

4

hearing on November 4, 2014, in Albuquerque, New Mexico. Tr. 27, 50–72. Plaintiff and her attorney appeared via video conference from Roswell, New Mexico. Tr. 27, 52. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Judith Beard. Tr. 27, 50–72.

The ALJ issued his unfavorable decision on December 9, 2014. Tr. 38. He found that the most recent favorable medical decision of disability, i.e., the "comparison point decision" ("CPD"), was the decision dated September 12, 2010. Tr. 28. He found that, at the time of the CPD, Plaintiff had the following medically determinable impairments: developmental delays (motor, communication) and cerebral palsy (with right hemiplegia), which met Listing[4] 112.02 (neurocognitive disorders). Tr. 28–29.

The ALJ found that, as of July 20, 2012, Plaintiff had the following severe medically determinable impairments: cerebral palsy, learning disability, anxiety, and depression. Tr. 29. However, the ALJ found that as of July 20, 2012, none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 29–30. He found that Plaintiff had experienced medical improvement as of July 20, 2012, and that her medical improvement was related to her ability to work. Tr. 30–32.

The ALJ found that, as of July 20, 2012, Plaintiff had the following RFC:

> [Plaintiff has the RFC] to perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except she is able to perform work that involves no more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps/stairs; no climbing of ladders, ropes, or scaffolds; and no concentrated exposure to operational control of moving machinery and unprotected heights, or hazardous machinery. Additionally, [Plaintiff] is able to understand, carry out, and remember simple instructions and make commensurate work related decisions, respond appropriately to supervision, coworkers and work situations, deal with routine changes in work setting, maintain concentration persistence and

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1.

pace for up to and including 2 hours at a time with normal breaks throughout the work day.

Tr. 33. The ALJ found that Plaintiff had no past relevant work. Tr. 36. He then went on to find that, based on her age, education, work experience, RFC, and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 36–37. Specifically, the ALJ found that Plaintiff could perform the demands of three representative jobs: jewelry repairer, semiconductor loader, and touch-up screener. Tr. 37. Therefore, he found Plaintiff was no longer disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on May 16, 2016. Tr. 5. With an extension of time from the Appeals Council dated August 12, 2016, Tr. 1, Plaintiff timely filed the instant action on September 13, 2016. [Doc. 1].

## **Analysis**

The arguments and authorities presented by Plaintiff do not persuade the Court that remand is warranted. Plaintiff's arguments all hinge on special education testing performed at Plaintiff's high school in October of 2010. Tr. 355–62. The time period relevant to this case begins on July 20, 2012, nearly two years later. The ALJ was not required to adopt the October 2010 report, nor does Plaintiff argue that he was. Plaintiff's repeated references to the report fail to show that the ALJ's decision is not supported by substantial evidence or that the ALJ applied an incorrect legal standard. The Commissioner's final decision should be affirmed.

Plaintiff quotes extensively from a "Re-evaluation Diagnostic Report" from Lovington Municipal School District, dated October 6, 2010.[5] [Doc. 20] at 4–7. Plaintiff's arguments for

---

[5] Plaintiff's extensive quotations were quite difficult to identify because they were not reproduced in any discernable pattern, nor did Plaintiff provide accurate citations. *See* [Doc. 20] at 4–7. Identifying these quotations as quotations (as opposed to argument) and then identifying their source (i.e., the report found at Tr. 355–62) was unnecessarily tedious and time-consuming. It is strongly advisable that counsel adhere to Rule 5 of The Bluebook in the future.

6

remand all depend on this report, which she refers to as the "Special Education testing." [Doc. 20] at 8. First, she argues that the "Special Education testing demonstrates that [she] cannot perform the mental requirements of the three jobs [identified as representative of the other work she can perform, which exists in significant numbers in the national economy.]" *Id.* at 8. She then goes on to quote extensively from unidentified sources (presumably the Selected Characteristics of Occupations and the Dictionary of Occupational Titles) in describing the demands of the three jobs. *Id.* at 8–10. She concludes that:

> It is obvious, that as nice and cooperative as [Plaintiff] has been in school, she does not have the intellectual ability to perform the jobs as identified by the Vocational Expert and as found by the ALJ. It is indeed unfortunate that in our high tech, post-industrial society a person with the developmental impairments of [Plaintiff] is limited to a sheltered workshop type job environment with constant supervision.

[Doc. 20] at 10. Although Plaintiff does not explain herself, the Court infers that Plaintiff argues she cannot perform the demands of the three jobs as evidenced by the October 2010 report, Tr. 355–62.

Next, Plaintiff argues that "[t]he Purpose clause of [Social Security Ruling] 85-15 resoundingly explains the reasons why [Plaintiff] remains disabled and the ALJ's decision and findings are not supported by and contrary to the substantial evidence in the hearing record." [Doc. 20] at 10. She then quotes from Social Security Ruling ("SSR") 85-15. *Id.* at 10–11. However, she never gets around to explaining how SSR 85-15 supports her position. She fails to discuss how the quoted language applies to this case. As best the Court can tell, without anything more from Plaintiff, she seems to suggest that the ALJ should have adopted the October 2010 report and incorporated it in his RFC assessment. And if he had adopted the October 2010

report, he would have found a more restrictive RFC than the one in his decision. *See* [Doc. 20] at 10–11.

Finally, Plaintiff complains that the hypothetical presented to the VE did not include all of the limitations form the October 2010 report. [Doc. 20] at 11–12. "[*Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005)] is directly on point, in that the trailer requirements for the jobs identified by the VE directly conflict with Special Education objective test[ing.]" *Id.* at 13.

Plaintiffs' arguments all fail for the same reasons. The ALJ was not required to adopt the 2010 report—nor does Plaintiff argue that he was. *See* [Doc. 20]. The 2010 report does not overwhelm the substantial evidence of record supporting the ALJ's RFC assessment. *See Langley*, 373 F.3d at 1118 (holding that an ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it"). The RFC assessment found by the ALJ is supported by Dr. Ponce's report dated June 4, 2012.[6] Tr. 31–32 (ALJ's decision, discussing and explicitly following Dr. Ponce's report), Tr. 404–407 (Dr. Ponce's report). The ALJ discussed the other medical opinions on Plaintiff's mental functional capacity, explaining what weight he accorded each opinion and

---

[6] In her Reply, Plaintiff argues, for the first time, that the RFC assessment is not consistent with Dr. Ponce's opinion. [Doc. 28] at 4–5. Specifically, Plaintiff argues that the ALJ "never addresses the limitations of 'likely to have significant difficulty understanding complex instructions' and limits of 'persisting at tasks of *basic work*[.]'" *Id.* at 4 (quoting Tr. 406). However, Dr. Ponce's finding that Plaintiff was "likely to have significant difficulty understanding *complex* instructions," Tr. 406 (emphasis added), is entirely consistent with the RFC's mental limitations, to wit: "understand, carry out, and remember *simple* instructions and make commensurate work related decisions, respond appropriately to supervision, coworkers and work situations, deal with routine changes in work setting, maintain concentration persistence and pace for up to and including 2 hours at a time with normal breaks throughout the work day." Tr. 33 (emphasis added). Moreover, Plaintiff is incorrect that Dr. Ponce assessed any limits in the ability to persist at tasks of basic work. Instead, she said, "[Plaintiff] would *not* appear to have problems persisting at tasks of basic work due to intellectual difficulties." Tr. 406 (emphasis added). Plaintiff fails to show that the RFC assessment found by the ALJ is not consistent with Dr. Ponce's opinion.

8

why. Tr. 34–35. Plaintiff does not challenge the ALJ's evaluation of these opinions.[7] *See* [Doc. 20].

## Conclusion

Plaintiff fails to show that ALJ's findings are not supported by substantial evidence. She also fails to show that the ALJ failed to apply the correct legal standards. Accordingly, remand is not appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 19] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[7] To the extent Plaintiff raises any other arguments in her Reply for the first time, they are waived. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1501 (10th Cir. 1992) (district court acts as a first-tier appellate court); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases"); *Kruse v. Astrue*, 436 Fed. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived") (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994)).